IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| GRUS TECH, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE, LLC <br><br> Defendant. | Civil Action No. 6:22-CV-01220-DII <br><br> JURY TRIAL DEMANDED |

**AGREED SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16, the following Agreed Scheduling Order is issued by the Court:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before ___5/01/25___.

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before ___10/13/23___, and each opposing party shall respond, in writing, on or before ___10/27/23___. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

3. Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before ___10/02/23___.

4. Parties shall serve their initial disclosures on or before October 23, 2023. Plaintiff's initial disclosures shall include a preliminary identification of asserted claims.

5. Plaintiff shall serve Preliminary Infringement Contentions and production on or

1

before December 8, 2023.

6. Defendant shall serve Preliminary Invalidity Contentions and production on or before February 8, 2024.

7. The Parties shall exchange proposed terms for construction on or before March 19, 2024.

8. The Parties shall exchange preliminary claim constructions and extrinsic evidence on or before April 2, 2024.

9. The Parties shall complete claim construction discovery on or before April 16, 2024.

10. Defendant shall file its opening claim construction brief on or before April 23, 2024.

11. Plaintiff shall file its responsive claim construction brief on or before May 21, 2024.

12. Defendant shall file its reply claim construction brief on or before June 11, 2024.

13. The Parties shall submit the joint claim construction and prehearing statement on or before June 18, 2024.

14. Claim Construction hearing is set for August 22, 2024 at _____ a.m / p.m.

15. The Parties shall serve their Final Infringement and Invalidity Contentions 8 weeks after the issuance of the claim construction order.

16. The parties shall file all motions to amend or supplement pleadings or to join additional parties on or before ___09/20/24___, but any such motion to amend or supplement pleadings shall not seek to add any additional patents.

17. Plaintiff shall serve a Preliminary Election of Asserted Claims reducing the number of asserted claims to a total of no more than 32 claims on or before January 23, 2025.

18. Defendant shall serve a Preliminary Election of Asserted Prior Art reducing the number of prior art references to a total of no more than 40 references (each obviousness

combination counts as a separate prior art reference) on or before February 6, 2025.

19. All parties shall file their designation of testifying experts on those issues where such party bears the burden of proof and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before     2/20/25. All parties shall file their designation of testifying experts on those issues where they do not have the burden of proof and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before     4/03/25 .

20. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within **11 days** from the receipt of the written report of the expert's proposed testimony, or within **11 days** from the completion of the expert's deposition, if a deposition is taken, whichever is later.

21. The parties shall complete all discovery on or before     6/06/25     .

22. Plaintiff shall serve a Final Election of Asserted Claims reducing the number of asserted claims to a total of no more than 12 claims on or before June 20, 2025.

23. Defendant shall serve a Final Election of Asserted Prior Art reducing the number of prior art references to a total of no more than 15 references (each obviousness combination counts as a separate prior art reference) on or before July 10, 2025.

24. All dispositive motions (including Daubert motions) shall be filed on or before 7/31/25     and shall be limited to 20 pages. Responses shall be filed and served on all other parties not later than 21 days after the service of the motion and shall be limited to 20 pages. Any replies shall be filed and served on all other parties not later than 15 days

      after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion.

25.     The Court will set this case for final pretrial conference at a later time. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference.

The parties shall not complete the following paragraph. It will be completed by the Court at the initial pretrial conference to be scheduled by the Court.

26.     This case is set for _____ trial commencing at 9:00 a.m. on _____, 20_____. Jury selection may occur the Friday before the case is set for trial.

      The parties may modify the deadlines in this Order by agreement, with the exception of the dispositive motions deadline and the trial date. Those dates are firm. The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this Order.

      SIGNED on _____, 20_____.

                                  _____
                                  ROBERT PITMAN
                                  UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **GRUS TECH, LLC,**<br><br>   **Plaintiff,**<br><br>   v.<br><br>**GOOGLE, LLC**<br><br>   **Defendant.** | **Civil Action No. 6:22-CV-01220-DII**<br><br>**JURY TRIAL DEMANDED** |

**NOTICE CONCERNING REFERENCE TO**
**UNITED STATES MAGISTRATE JUDGE**

  In accordance with the provisions of 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and the Local Rules of the United States District Court for the Western District of Texas, the following party _____

through counsel _____

   ____ consents to having a United States Magistrate Judge preside over the trial in this case.

   ____ declines to consent to trial before a United States Magistrate Judge.

                 Respectfully submitted,

                 _____

                 Attorney for:

                 _____